IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

SHARDA L MULLINS                                                                                               PLAINTIFF

v.                                    Civil No. 1:24-cv-01093-SOH-BAB

LEROY MARTIN; JERRY MANESS;
GEAN SIEGER; and
ASST. JAIL ADMIN MICKY STERNISHA                                                         DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Sharda L. Mullins, filed this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Currently before the Court is Plaintiff's failure to prosecute.

The case was directly assigned to the undersigned Magistrate Judge. However, because not all parties to the action have consented to the jurisdiction of the undersigned, and this document will be dispositive of Plaintiff's claims, this document will be filed as a Report and Recommendation and the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey. 28 U.S.C. § 636(c); Rule 73 of the Federal Rules of Civil Procedure, and General Order 2024-02.

### I.    BACKGROUND

Plaintiff initially filed his Complaint and Application to proceed *in forma pauperis* ("IFP") in the Eastern District of Arkansas on December 16, 2024. (ECF Nos. 1-2). The Eastern District transferred the Complaint to this Court on December 17, 2024. (ECF No. 3). Plaintiff indicated he was incarcerated in the Columbia County Detention Center in Magnolia, Arkansas ("CCDC") on his Complaint. (ECF No. 2).

1

The Court granted Plaintiff IFP status on December 23, 2024. (ECF No. 7). In this Order, the Court specifically advised Plaintiff:

> Plaintiff shall submit a change of address on a separate piece of paper entitled Notice to the Court of Change of Address and not include any motions or otherwise request relief in this document. . . . The case will be subject to dismissal if Plaintiff fails to inform the Court of an address change.

*Id.* This Order was mailed to Plaintiff's address of record at the CCDC and it was not returned as undeliverable mail.

Defendants filed a Motion to Dismiss on April 2, 2025. (ECF No. 15). On April 8, 2025, the Court received summons sent to Plaintiff at the CCDC returned as undeliverable mail. (ECF No. 17).

On April 10, 2025, the Court ordered Plaintiff to respond to Defendants' Motion to Dismiss. (ECF No. 18). Plaintiff was notified in this Order that failure to respond would subject this case to dismissal. *Id.* This Order was mailed to Plaintiff at the Lafayette County Jail ("LCJ") due to Plaintiff's notifications in other pending cases before this Court using the LCJ as his current address. *Id.* This Order was not returned as undeliverable mail and Plaintiff failed to respond.

On May 6, 2025, the Court entered an Order to Show Cause directing Plaintiff to show cause why he failed to comply with the Court's April 10, 2025 Order and respond to Defendants' Motion to Dismiss. (ECF No. 19). This Order was also mailed to Plaintiff at the LCJ. *Id.* The Order was not returned as undeliverable mail and Plaintiff failed to respond.

On May 8, 2025, the Court entered an Order changing Plaintiff's address of record to the ADC-Ouachita River Unit in Malvern, Arkansas. The Court made this change based on returned mail in separate cases pending before this Court and its own research as to Plaintiff's current incarceration location. (ECF No. 20). In this Order, the Court directed Plaintiff to respond to the Court's May 6, 2025 Order to Show Cause. *Id.* Plaintiff was given to May 27, 2025 to respond

and advised that failure to respond would subject this case to dismissal. This Order was not returned as undeliverable mail and Plaintiff failed to respond.

Plaintiff has not communicated with the Court in this case since his Complaint was transferred here from the Eastern District and he has not filed any documents since that transfer in December 2024.

## II. DISCUSSION

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Furthermore, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless it is otherwise specified. FED. R. CIV. P. 41(b); *Brown*, 806 F.2d at 803. In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;"

(2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d 1216, 1219 (8th Cir. 1998) (internal quotations omitted). In *Rodgers*, the Eighth Circuit provides the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint. [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court. However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id.*

As evidenced by the docket, Plaintiff has failed to comply with the Court's Orders herein. Despite three Orders from the Court directing Plaintiff to respond to Defendants' Motion to Dismiss, Plaintiff refuses to do so. However, the Court does not find dismissal with prejudice is warranted. Accordingly, the Court recommends Plaintiff's Complaint be dismissed without prejudice for failure to comply with the Court's Orders.

### III.  CONCLUSION

Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court hereby recommends Plaintiff's Complaint (ECF No. 2) be **DISMISSED WITHOUT PREJUDICE**.

**REFERRAL STATUS: The referral in this case shall be terminated.**

The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.

**DATED this 4th day of August 2025.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE